No. 36,363

THE STATE OF KANSAS, *Appellant*, v. DAVE E. BISHOP, *Appellee*.

(160 P. 2d 658)

Opinion filed July 7, 1945.

*L. M. Kagey*, of Wichita, argued the cause, and *A. B. Mitchell*, attorney general, *Pat Warnick*, county attorney, and *Carl O. Bauman, Lee R. Meador*

*Fred M. Field* and *Howard C. Kline,* deputy county attorneys, were on the briefs for the appellant.

*Harry K. Allen,* of Topeka, and *Laurence S. Holmes,* of Wichita, argued the cause for the appellee.

The opinion of the court was delivered by

SMITH, J.: This is a prosecution for violation of G. S. 1935, 21-1617. A violation of this statute is commonly described as "impersonating an officer."

The motion of the defendant to quash the information was sustained and the defendant was discharged. The state has appealed.

The pertinent part of the information was as follows:

"That Dave E. Bishop, on or about the 1st day of December, 1944, in the County of Sedgwick and State of Kansas, then and there being, did then and there unlawfully, wilfully without the authority, exercise or attempt to exercise the functions of or hold himself out to other persons as a peace officer; to-wit: an officer of the Kansas Highway Patrol; all of said acts by the said Dave E. Bishop being contrary to 21-1617 of the General Statutes of Kansas, and against the peace and dignity of the State of Kansas."

The statute of which defendant was charged with the violation is in the following words:

"That any person or persons who shall in this state, without the authority, exercise or attempt to exercise the functions of or hold himself or themselves out to any as a deputy sheriff, marshal, policeman, constable or peace officer, shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be punished by imprisonment for a period of not less than three months nor more than one year."

It will be noted the information charges that the defendant impersonated a peace officer, to wit, an officer of the Kansas Highway Patrol.

Defendant argues that the information did not charge a public offense because the statute makes it a crime to impersonate a deputy sheriff, marshal, policeman, constable or peace officer. All parties agree that a highway patrolman is not a deputy sheriff nor a marshal nor a policeman nor a constable. He argues that a member of the highway patrol is not a peace officer as the term is used in the foregoing statute.

The state argues, however, that an officer of the highway patrol is a peace officer and that when the information charged in the words of the statute that the defendant exercised or attempted to exercise the functions of and held himself out to other persons as a peace

officer, to wit, an officer of the Kansas Highway Patrol, it stated a public offense under G. S. 1935, 21-1617. This argument sends us to our authorities for a definition of the words "highway patrol."

In 1933 the legislature enacted various statutes having to do with the collection of taxes on motor vehicles of various types and including pleasure automobiles. Up to that time the public service commission and the state motor vehicle commissioner had been in charge of this general function of the state. One of the chapters enacted by the legislature for 1933 was chapter 283 thereof. The title to this act is as follows:

"AN ACT relating to the duties of the state highway commission, and providing for certain inspections and examinations to be made by the state highway commission, and providing for reports of inspections to certain departments of government."

The first section of that act conferred on the highway commission the duty of executing the laws as to inspections of motor carriers and provided further that for this purpose the commissioner was authorized to appoint such employees and inspectors as might be necessary in the performance of those duties. The chapter then went on to provide that there should not be more than ten of these inspectors and fixed their maximum salary. It also provided for certain reports to be made.

The legislature of 1933 met in special session. Amongst other acts it passed was chapter 109. This chapter amended chapter 283 of the Laws of 1933 by providing that the number of inspectors provided in section 1 of that act should be twenty rather than ten and added the following proviso:

"That the inspectors so appointed are hereby vested with the authority and power of peace and police officers, and as such shall have state-wide jurisdiction."

Still the words "highway patrol" had not been used.

When the General Statutes of 1935 were compiled chapter 283 of the Laws of 1933, as amended by chapter 109 of the Special Session of 1933, was carried as G. S. 1935, 74-2007. The heading of that section is as follows:

"HIGHWAY PATROL; MOTOR-VEHICLE INSPECTIONS; EMPLOYEES AND INSPECTORS; SALARY."

As far as we can find that is the first time the words "highway patrol" appear in our statute books. The inspectors appointed pursuant to chapter 283 and chapter 109 were called highway patrol-

men and the group was referred to as the highway patrol but up to that time there was no legal sanction for the term. The officers were inspectors for the state highway commission but they did exercise the authority and power of peace and police officers and did have state-wide jurisdiction.

Chapter 283 of the Laws of 1933 and 109 of the Laws of the Special Session of 1933 were carried into the General Statutes of 1935 as G. S. 1935, 74-2007, 74-2008 and 74-2009.

Chapter 330 of the Laws of 1937 has the following title:

"STATE HIGHWAY PATROL."

The title of the bill was as follows:

"AN ACT creating and providing for a state highway patrol, providing for the appointment of the superintendent and members thereof, defining their powers and duties, providing for the payment of the cost thereof, and repealing sections 74-2007 and 74-2009, General Statutes of Kansas of 1935."

This bill created a state highway patrol by that name, providing for a superintendent and forty-five patrolmen. Sections 2 and 3 of the act are interesting from our standpoint. They provide as follows:

"It is hereby made the duty of the state highway patrol to execute and enforce the law with reference to inspections now and hereafter required to be made by law by the state corporation commission as to motor vehicles and transportation by motor vehicles, and inspections now or hereafter required to be made by law by the vehicle commissioner as to license tags, the law with reference to drivers' licenses, and the law with reference to safety to life and property upon the state highways of the state, and such other duties as may be placed upon them by law or by the superintendent.

"Said patrolmen are hereby vested with the power and authority of peace and police officers, in the execution of the duties imposed upon them by this act: Provided, however, The members of the patrol shall have full power and authority as now or hereafter vested by law in peace officers when working with and at the special request of the sheriff of any county or the chief of police of any city, or under the direction of the superintendent or in the arrest of anyone violating any law in their presence or in the apprehension and arrest of any fugitive from justice on any felony violation."

These two sections appear in G. S. 1937 Supp. as 74-20a02 and 74-20a03. It will be noted that in the passage of that act the patrolmen were first given the authority of peace and police officers and the execution of the duties imposed upon them by the act. The duties imposed upon them by the act were outlined in section 2, that is, to execute and enforce the law with reference to inspections required

to be made by law by the state corporation commission as to motor vehicles and transportation by motor vehicles and certain inspections all having to do with motor vehicles and license tags and safety upon the public highways. The proviso of section 3 of chapter 330 will be noted provided that the members should have the authority and power vested in peace officers when working with and at the request of the sheriff of any county or the chief of police of any city or under the direction of the superintendent or in the arrest of anyone violating any law in their presence or in the apprehension or arrest of any fugitive from justice.

By the proviso these patrolmen have the power of police officers only under certain circumstances, that is, (1) in enforcing the law with reference to inspections and automobile traffic generally; (2) working with and at the special request of the sheriff of any county or chief of police of any city; (3) under the direction of the superintendent of the patrol; (4) the arrest of anyone violating any law in their presence; (5) in the apprehension and arrest of any fugitive from justice on any felony violation. The legislature clearly intended to limit the powers and authority of these patrolmen as peace officers to their acts while performing some one of those functions and to no other.

Criminal statutes generally should be strictly construed. See *State v. Waite*, 156 Kan. 143, 131 P. 2d 708, and other well-known authorities.

Had the state in the trial of this case proved that the defendant did on some occasion—not one of those described in the statute, to which we have referred—say "I am a member of the highway patrol" it would have been the trial court's duty to hold that the state had not proved any crime. The information should charge definitely the acts the state intended to prove the defendant did, which constituted the impersonation so they might appear to come within the terms of the statute. No such descriptive terms appear in this information. The court was correct in sustaining the motion to quash.

The judgment of the trial court is affirmed.